# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-3045-01/02-CR-S-RED |
| | ) |
| CHARLES FREDERICK WHITE and | ) |
| ANTHONY LYNN BEARDEN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendant Charles White's Motion to Quash Search Warrant and to Suppress Evidence (Doc. 16), Defendant Anthony L. Bearden's Motion to Quash Search Warrant and to Suppress Evidence and Statements (Doc. 19), Defendant Anthony L. Bearden's Motion to Suppress Statements (Doc. 20), United States' Suggestions in Opposition to Defendant's Motion to Quash Search Warrant and to Suppress Evidence (Doc. 21), United States' Suggestions in Opposition to Defendant's Motions to Suppress Evidence (Doc. 22), the Report and Recommendation of United States Magistrate Judge (Doc. 30), Defendant White's Exceptions and Objections to Report and Recommendation of Magistrate (Doc. 31), and Defendant Bearden's Exceptions to the Report and Recommendation of United States Magistrate Judge (Doc. 32).

In Defendant White's objections to the Report and Recommendation of the United States Magistrate Judge, he argues that the Magistrate Judge erred when he discredited the testimony of Chris Sprague and George Rush who testified that Defendant White's gate was always closed and secured and, thus, that the police officers unlawfully entered the curtilage of Defendant White's

property. Upon careful and independent review of the conflicting testimony regarding whether the gate was open or closed when the police officers entered Defendant White's property, the factors the Court considers when determining whether an area of property constitutes curtilage *See United States v. Dunn*, 107 S.Ct. 1134, 1139 (1987), and the totality of the evidence submitted to the Court, the Court agrees with the Magistrate Judge's finding that the police officers did not illegally enter Defendant White's property. Therefore, any evidence obtained when the police officers entered Defendant White's property is not suppressible under the "fruit of the poisonous tree" doctrine.

In Defendant Bearden's objections to the Report and Recommendation of the United States Magistrate Judge, he argues that the Magistrate Judge erred when he: (1) found that Defendant Bearden did not have standing to object to the illegal entry and search of Defendant White's property; (2) found that the entry and subsequent search of Defendant White's property was legal; (3) found that Defendant Bearden's consent to the search of his property was freely and voluntarily given; and (4) failed to suppress the search warrant obtained for his property. First, as set forth above, the Court agrees with the Magistrate Judge's finding that the police officers did not illegally enter Defendant White's property; therefore, even if Defendant Bearden had standing to assert this objection, his objection would be unsuccessful as the Court believes that the Magistrate Judge correctly found that any evidence obtained when the police officers entered Defendant White's property is not suppressible under the "fruit of the poisonous tree" doctrine. Second, when considering the standard for voluntary consent set forth in *U.S. v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990) and the totality of the evidence submitted to the Court, the Court agrees with the Magistrate Judge's finding that Bearden's consent to the search of his property was freely and voluntarily given. Third, the Court finds that the Magistrate

Judge did not err when he did not suppress the search warrant obtained for Defendant Bearden's property, as, upon review of the evidence, the Court finds that the warrant sufficiently described the relevant property and, furthermore, finds that probable cause existed even when the warrant is considered without the statements which were received in violation of Defendant Bearden's *Miranda* rights.

After careful and independent review of the parties' submissions, this Court agrees with and **ADOPTS** the Report and Recommendation of United States Magistrate Judge (Doc. 30) in full. Accordingly, pursuant to the Report and Recommendation of United States Magistrate Judge, Defendant Charles White's Motion to Quash Search Warrant and to Suppress Evidence (Doc. 16) is **DENIED**; Defendant Anthony L. Bearden's Motion to Quash Search Warrant and to Suppress Evidence and Statements (Doc. 19) is **DENIED IN PART AND GRANTED IN PART**; and Defendant Anthony L. Bearden's Motion to Suppress Statements (Doc. 20) **IS DENIED IN PART AND GRANTED IN PART**. Defendant White's Exceptions and Objections to Report and Recommendation of Magistrate (Doc. 31) and Defendant Bearden's Exceptions to the Report and Recommendation of United States Magistrate Judge (Doc. 32) are **OVERRULED**.

**IT IS SO ORDERED.**

DATED: February 11, 2013      */s/ Richard E. Dorr*
                                                         RICHARD E. DORR, JUDGE
                                                         UNITED STATES DISTRICT COURT